UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

JOSEPH GRUENFELD on behalf of himself and
all other similarly situated consumers

                          Plaintiff,

     -against-

ARS NATIONAL SERVICES, INC.

                          Defendant.
_____

### CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff, Joseph Gruenfeld, brings this action against ARS National Services, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Escondido, California.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Joseph Gruenfeld

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about September 8, 2014, Defendant sent the Plaintiff a collection letter.

11. The statute of limitations on the said case was tolled as per *American Pipe tolling*, and based upon a class action lawsuit that was filed against the Defendant on September 4, 2015; see 1:15-cv-05165-JG-CLP Friedman v. ARS National Services, Inc.

12. The Second Circuit Court of Appeals has held that American Pipe "provides that the filing of a class action tolls the statute of limitations for all members of the asserted class, regardless of whether they file an individual action before resolution of the question whether the purported class will be certified." In re WorldCom Sec. Litig., 496 F.3d 245, 247 (2d Cir. 2007). The statute of limitations remains tolled at least until class certification is denied. See In re Nat'l Austl. Bank Sec. Litig., No. 03cv6537, 2006 U.S. Dist. LEXIS 94163, 2006 WL 3844463, at *4 (S.D.N.Y. Nov. 8, 2006) Boyd v. J.E. Robert Co., No. 05-cv-2455 (KAM)(RER), 2010 U.S. Dist. LEXIS 140905, 2010 WL 5772892, at *6 (E.D.N.Y. May 31, 2010), report and recommendation adopted by 2011

U.S. Dist. LEXIS 10099, 2011 WL 477547 (E.D.N.Y. Feb. 2, 2011) (plaintiff who is a member of purported FDCPA class action may invoke American Pipe tolling).

13. Said September 8, 2014 letter stated the following: "Our client, Chase Bank, U.S.A., N.A., has authorized ARS to accept $3150.71 as settlement in full of the above-referenced account. To take advantage of this offer, your payment must reach this office by 09-28-2014."

14. On or about October 3, 2014, ARS National Services, Inc. sent another collection letter to the Plaintiff.

15. Said October 3, 2014 letter stated the following: "Payment Due: $2025.46 due on or before 10-23-2014."

16. The Defendant, by stating such language, generated by the Plaintiff, a sense of urgency that led him to believe that he was truly under a time deadline to pay on the alleged debt.

17. Yet from the language in the October 3, 2014 letter, it is clear that those time-sensitive settlement offers mentioned above were illusionary, as the Defendant was able to offer the Plaintiff a superior settlement offer to the one presented in the September 8, 2014 letter.

18. The Defendant's letters were deceptive and harassing to the Plaintiff as these time-sensitive settlement offers did not exist.

19. The only reason why the Defendant made these statements was to pressure the Plaintiff into paying promptly.

20. If this was not so, the Defendant would not have offered the Plaintiff better payment options to the September 8, 2014 letter in the October 3, 2014 letter.[1]

21. On information and belief, it is the Defendant's pattern and practice to mail such

---

[1] See DeGeorge v. Fin. Recovery Servs., 2012 U.S. Dist. LEXIS 140966, 19 (E.D. Pa. Sept. 27, 2012).

Case 1:16-cv-00779-LDH-VMS   Document 1   Filed 02/16/16   Page 3 of 8 PageID #: 3

collection letters to debtors within the State of New York.

22. The Defendant's letters violated 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f for harassing the Plaintiff and for engaging in deceptive, misleading, and unfair practices whilst attempting to collect on the alleged debt.

23. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

24. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

25. The identities of all class members are readily ascertainable from the records of ARS National Services, Inc. and those business and governmental entities on whose behalf it attempts to collect debts.

26. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of ARS National Services, Inc., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

27. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

28. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

29. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

30. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

  (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

  (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

  (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

      (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

      (e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

31. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

32. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

34. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.**

35. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty four (34) as if set forth fully in this cause of action.

36. This cause of action is brought on behalf of Plaintiff and the members of a class.

37. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letters as the letters sent to the Plaintiff on or about September 8, 2014 and October 3, 2014; and (a) the collection letters were sent to a consumer seeking payment of a personal debt; and (b) the collection letters were not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§ 1692d, 1692e,

1692e(10), and 1692f for harassing the Plaintiff and for engaging in deceptive, misleading, and unfair practices whilst attempting to collect on the alleged debt.

### Violations of the Fair Debt Collection Practices Act

38. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

39. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
February 15, 2016

   /s/ Maxim Maximov_____
Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1701 Avenue P
Brooklyn, New York 11229
Office: (718) 395-3459
Facsimile: (718) 408-9570
E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

   /s/ Maxim Maximov_____
Maxim Maximov, Esq.